

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 29, 2014

**BY ECF AND HAND DELIVERY**

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street, Room 1920
New York, New York 10007

  Re: *United States* **v.** *$3,525,880.64 in Funds on Deposit et al.*,
     14 Civ. 3015 (WHP)

Dear Judge Pauley,

  The Government writes to respectfully request leave to file a motion for partial default judgment in the above-captioned civil forfeiture action. As set forth below, the time to file a claim for all of the defendants *in rem* has expired and no party has filed a claim as to all but one of the defendants *in rem* (the "defaulted defendants *in rem*"). Pursuant to the Court's individual rules of practice, the Court requires a pre-motion conference prior to the filing of any motions for default judgment. *See* Individual Rules of Practice, Part VII. Due to the in rem nature of this action, the Government respectfully requests that it be permitted to file a motion for a default judgment in regard to the defaulted defendants *in rem* without a pre-motion conference. In the alternative, the Government respectfully requests that the Court schedule a pre-motion conference relating to the Government's request to file a motion for a partial default judgment.

  On April 29, 2014, the Government commenced this action by filing a Verified Complaint (the "Complaint"). The Government alleges that the defendants in rem should be forfeited to the United States, pursuant to Title 18, United States Code, Section 981 (a)(1)(A) as property involved in money laundering in violation of Title 18, United States Code, Sections 1956 and 1957, and pursuant to Title 18, United States Code, Section 981(a)(1)(C) as property constituting proceeds traceable to wire fraud, in violation of Title 18, United States Code, Section 1343, and to violations of the International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Section 1705. The property constituted funds in interbank accounts that the Complaint alleges represent funds held by

Hon. William H. Pauley, III
August 29, 2014

various front companies used by a Chinese national named Li Fangwei and used to perpetuate a scheme to violate the United States sanctions laws and regulations and to commit fraud and money laundering by supplying various metallurgical goods and related components to Iran and laundering the proceeds of these sales through a number of front companies.

In accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which govern civil forfeiture actions, the Government began publication on May 16, 2014 and publication was completed on June 14, 2014. In accordance with Title 18, United States Code, Section 983(a)(4), a person claiming an interest in the defendant property who wishes to contest the forfeiture may file a claim "in the manner set forth in the Supplemental Rules . . . not later than 30 days after the date of final publication of notice of the filing of the complaint." In this case, any party claiming an interest in the defendants in rem (other than recipients of direct notice, described below) had until July 14, 2014 to file a claim.

Pursuant to Supplemental Rule G(4), when direct notice is required and sent, the notice must set forth "a deadline for filing a claim, at least 35 days after the notice is sent." The Government sent direct notice to the only known addresses for the front companies in whose names the funds were held on or about May 12, 2014.[1] Each of these notices was determined to be undeliverable and returned or destroyed by Federal Express. The Government is not aware of alternate addresses for any of these entities or alternate means of providing them with direct notice.[2] The Government sent direct notice to Shanghai Pudong Development Bank in China on or about June 19, 2014. This notice was received on or about June 23, 2014. Shangai Pudong Development Bank's time to file a claim expired on July 24, 2014.

The Government also sent direct notice to Bank of China on or about June 4, 2014, which was delivered on or about June 5, 2014. In a stipulation so ordered by this Court on July 9, 2014, the time for Bank of China to file a claim was extended to August 8, 2014. Bank of China filed a claim as to one of the defendants *in rem* (the "claimed defendant *in rem*") on August 8, 2014,[3] but did not file a claim as to any of the defaulted defendants *in*

---

[1] The Government is unaware of any address for Li Fangwei himself, as distinct from the front companies. In any event, Li Fangwei is currently a fugitive charged in this district, *see United States* v. *Li Fangwei*, 14 Cr. 144 (LAP), and any claim by him would likely be subject to disallowance by the Fugitive Disentitlement Statute, 28 U.S.C. § 2466(a).

[2] Combined with publication, this amounted to adequate notice under Supplemental Rule G, which does not require that actual notice be achieved, only that means reasonably calculated to achieve actual notice be used. *See* Supp. R. G(4)(b) (iii)(A) ("The notice must be sent by means reasonably calculated to reach the potential claimant."); *see also, e.g.*, *United States* v. *$22,050 in U.S. Currency*, 595 F.3d 318, 320 n.1 (6th Cir. 2010) (explaining that personal service not required and the Government is required only to send notice under Supplemental Rule G); *Dusenbery* v. *United States*, 534 U.S. 161, 170 (2002) (finding that due process is satisfied by methods reasonably calculated to achieve notice even if no actual notice results); *United States* v. *Muckle*, 709 F. Supp. 2d 1371, 1373 (M.D. Ga. 2010) (noting that Supplemental Rule G(4)(b) codifies due process requirements from *Dusenbery*). Here, where the Government has unsuccessfully attempted delivery to the only known addresses for the front companies, such means have been used.

[3] The initial conference as to Bank of China's claim to the claimed defendant *in rem* is scheduled for September 26, 2014.

Hon. William H. Pauley, III
August 29, 2014

*rem*. Thus, no party has filed a claim to any of the defaulted defendants *in rem* and the time for any party to do so has expired.

The Government suggests that a pre-motion conference regarding the Government's request to file a motion for partial default judgment is not necessary in this civil forfeiture action. Because an *in rem* action, unlike an ordinary civil action, does not require personal service,[4] a pre-motion conference can be impractical in situations such as these. The only parties with a potential interest in the defaulted defendants *in rem* consist of front companies, as to which the Government has been unable to locate an address to which delivery can be made; Li Fangwei, for whom no address is known; and Shanghai Pudong Development Bank, a foreign bank in China which has received direct notice and not asserted a claim or, to the knowledge of the Government, retained counsel in connection with this matter.[5]

Accordingly, for the foregoing reasons, the Government respectfully requests leave to file a motion for partial default judgment as to the defaulted defendants in rem without the Court first holding a pre-motion conference. In the alternative, the Government respectfully requests that the Court set a pre-motion conference relating to the Government's request for leave to file a motion for a partial default judgment as to the defaulted defendants *in rem*.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

By:   /s/ Paul M. Monteleoni
        Paul M. Monteleoni
        Assistant United States Attorney
        Tel.: (212) 637-2219

cc:    Richard DePalma, Esq. (by ECF)
       *Counsel for Claimant Bank of China Ltd.*

       Shanghai Pudong Development Bank (by Federal Express)

---

[4] *See supra* note 2.

[5] The Government does not consider Bank of China to be a potential claimant to the defaulted defendants *in rem*, and given that Bank of China, after receiving the complaint filed a claim only as to the claimed defendant *in rem* and not the defaulted defendants in rem, Bank of China evidently agrees.